ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                    )
                                               )
MSI II LLC, Joint Venture                      )        ASBCA No. 63807-ADR
                                               )
Under Contract No. FA4608-20-D-0001            )

APPEARANCES FOR THE APPELLANT:        Christopher Solop, Esq.
                                      Lynn Patton Thompson, Esq.
                                        Biggs, Ingram & Solop, PLLC
                                        Jackson, MS

APPEARANCES FOR THE GOVERNMENT:       Caryl A. Potter III, Esq.
                                        Air Force Deputy Chief Trial Attorney
                                      Lawrence M. Anderson, Esq.
                                      Maj Candice D. Schubbe, USAF
                                        Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE ARNETT

By agreement dated November 4, 2024, the parties elected to have this matter considered and decided through a summary proceeding with binding decision pursuant to the Board's Alternative Dispute Resolution (ADR) procedures. The parties have agreed that the Board's decision on entitlement* will be final, conclusive, not appealable, and may not be set aside, except for fraud. This decision will have no precedential value.

Appellant MSI II LLC, Joint Venture (MSI) seeks compensation for four issues:

1. Clearing and trimming of a quantity of perimeter fence which greatly exceeded the amount indicated in the contract;

---

* While the parties' Agreement to Utilize Summary Proceeding with Binding Decision Procedure included consideration of any Equal Access to Justice Act application, the Board declines to address such application, at this time, because neither party addressed it in their briefs and there are gaps in the current record. Appellant may file an application within 30 days of the issuance of this decision, consistent with Addendum I of the Board's Rules, or the parties may address this issue through a prompt negotiation of quantum.

2. Clearing of additional vegetation overgrowth along the fences which occurred during the one year that elapsed between the site visit and award;

3. Routine tree pruning/trimming not specified in the contract; and

4. Payment of contract funds deducted for deficient work.

The Board carefully considered the affidavits and deposition transcripts submitted by the parties, the documents in the Rule 4 file, and the contentions of the parties in their briefs.

Issue 1:  Clearing and trimming of "Perimeter Fence" in excess of 42,235 LF
It is the decision of the Board that the contract failed to define "perimeter fence" or provide a map or estimated quantity of all fence to be cleared and maintained, causing confusion throughout contract performance (gov't br. at 5, 8, 11). Both the PWS and responses to pre-bid questions referred offerors to Appendix A which only stated a quantity for "perimeter fence" (R4, tabs 2 at 9, 22-23; 66 at 3).  It is unclear how offerors were to extrapolate the total quantity of fence to be cleared and maintained other than to rely upon the quantity of 42,235 LF set forth in Appendix A. Appellant is entitled to recover for clearing and maintenance of the additional quantity of fence in excess of 42,235 LF.  This issue is sustained.

Issue 2:  Clearing of additional overgrowth between site visit and award
It is the decision of the Board that the site visit and Q&A provided notice to appellant that the fence lines were overgrown with vegetation and would not be "in compliance before the new contract start[ed]" (R4, tab 66 at 6, 9).  Also, appellant's final revised proposal was submitted a few weeks prior to award, affording appellant an opportunity to revise its pricing to account for the passage of time between the site visit and award.  This issue is denied.

Issue 3:  Routine tree pruning/trimming not specified in the contract
It is the decision of the Board that the government required appellant to perform routine tree pruning/trimming that appellant had not priced and that was not required under the contract, as awarded.  Appellant is entitled to compensation to the extent that it can demonstrate that the payment it received under CLIN 023 for emergency tree trimming was inadequate compensation for the routine tree trimming it performed. This issue is sustained.

Issue 4:  Release of contract funds withheld for deficient work
The government has not satisfied its burden to justify its withholding of payment.  This issue is sustained.

2

## CONCLUSION

Therefore, the appeal is sustained as to Issues 1, 3 and 4 and denied as to Issue 2. The matter is returned to the parties for the resolution of quantum.

Dated: February 6, 2025

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63807-ADR, Appeal of MSI II LLC, Joint Venture, rendered in conformance with the Board's Charter.

Dated: February 6, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3